## Fitzsimmons v. Hand, Appellant.

*Contract—Legality—Agreement to induce a purchase—Evidence.*

An agreement to use one's influence to induce a person negotiating for the purchase of real estate, to complete the purchase, is a legal one, and the money consideration agreed to be paid on the completion of the purchase may be collected in an action at law.

In such a case the question whether it was probable that the defendant would have entered into such an agreement, and whether it was reasonable or not, were proper subjects for the consideration of the jury, but they cannot be considered by the appellate court.

Argued Jan. 16, 1905. Appeal, No. 56, Jan. T., 1905, by defendant, from judgment of C. P. Lackawanna Co., May T., 1903, No. 17, on verdict for plaintiff in case of John Fitzsimmons, v. Bridget Hand. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Assumpsit on a contract. Before KELLY, J.

The facts appear by the opinion of the Superior Court.

At the trial M. J. Donahoe was sworn for defendant.

Mr. Hoban: We propose to show that sometime in the fall of 1902, Mrs. Hand, the defendant, retained Mr. Donahoe as her attorney, and that sometime afterwards Mr Donahoe approached Richard McHugh with a view to bringing McHugh and Mrs. Hand together and effect a sale of the properties mentioned in the statement filed by the plaintiff and that at this time no negotiations were going on between the parties, and that he saw McHugh and through his efforts he brought the parties together, and ultimately effected a sale of the properties mentioned in the plaintiff's statement. This for the purpose of showing that he was the immediate cause of bringing the parties together and effecting the sale, and that there was no influence brought to bear upon either of the parties, the plaintiff or defendant, to effect the sale outside of his own, that Mr. Fitzsimmons was not known in the transaction at any time during the negotiations.

Mr. Mumford: We object to the offer for the reason that it is immaterial whether the witness or anyone else was the moving cause for the bringing about of this sale; that inas-

much as the agreement between the parties, as shown by the plaintiff, and as declared on, was the solicitation of McHugh and not a consummation of the sale.

The Court: I do not think the offer is competent for the purpose stated. I will sustain the objection. [1]

The court charged in part as follows :

[It is not necessary, in order that you might find for the plaintiff, that you should be satisfied that the plaintiff was the actual inducing cause of the sale. He does not claim that the bargain was that he should get a purchaser for the property at a given price or at any price. He simply claims that he was to get this percentage for his efforts, for his aid and assistance in bringing about the sale. And so, it being uncontradicted that the sale was made, if you should find that he made an honest, conscientious effort in good faith in behalf of Mrs. Hand to bring about the sale, and if you find the other fact, that she made a bargain or agreement with him to pay him five per cent for such efforts and assistance on his part, he would be then entitled to recover. But, as I have already said to you, if you should not be satisfied that there was a contract, not only to pay him for his assistance, but unless you are satisfied that there was a contract to pay him five per cent of the purchase price for his assistance and his aid, then your verdict would have to be in favor of Mrs. Hand, the defendant.] [2]

[So that the real point for you to decide is, as I think I have made clear to you already, did the defendant employ the plaintiff or agree with the plaintiff to recompense him at the rate of five per cent for his assistance and efforts to bring about a sale. If she did and he made honest efforts to bring about the sale, and the sale was finally consummated, he would be entitled to recover.] [3]

Defendant presented this point:

That under all of the evidence in the case and under the law the verdict must be for the defendant. *Answer :* The defendant has requested me to charge you that under all of the evidence in the case and under the law the verdict must be for the defendant. I refuse to so charge you, but leave the matter to you to say whether or not under the instructions that I have given you your verdict will be for the defendant or for the plaintiff. [4]

Verdict and judgment for plaintiff for $824.60.   Defendant appealed.

*Errors assigned* were (1) ruling on evidence, quoting the bill of exceptions; (2–4) instructions as above, quoting them.

*T. P. Hoban,* with him *M. · J. Donahoe* and *T. A. Donahoe,* for appellant. ·

*H. W. Mumford,* for appellee.

OPINION BY HENDERSON, J., March 14, 1905 :

· The defendant was the owner of a life estate in two lots in the city of Scranton.   Richard McHugh and his brother and sister were the owners of the remainder.   Negotiations had been in progress from time to time for several months prior to July, 1902, between Richard McHugh, representing himself and brother and sister, and the defendant, looking to a sale of the life estate to the owners of the remainder.   The parties were not able to agree on a price, however, and the negotiation was broken off.   The plaintiff alleged that about July 10, 1902, the defendant solicited his services to induce Richard McHugh to purchase her interest in the property, and as an inducement so to do, promised the plaintiff that if he would aid her "by solicitation of and recommendation to and influence of plaintiff" with McHugh, in making sale to said McHugh and his brother and sister of the defendant's interest in the land referred to, the defendant would pay to the plaintiff when she had made the sale contemplated, five per cent of the sum she might receive for her interest in the property ; that he accepted the proposition of the defendant, and in pursuance thereof devoted a great deal of time to the service of the defendant, used his influence with Richard McHugh, interviewed him frequently in reference to the property, and in every way encouraged, solicited and recommended to McHugh the purchase of the defendant's interest therein.   The plaintiff's evidence in support of his claim was corroborated to some extent by the testimony of other witnesses. The defendant positively denied that she ever entered into any such agreement with the plaintiff, or that she had any

understanding with him in regard to the sale of the property. This evidence raised a direct issue of fact and the case was submitted to the jury in a clear, impartial and adequate charge by the learned judge of the court below. The action was not brought for commissions for procuring the sale of the property. The plaintiff did not introduce the purchaser to the defendant. They had been in conference for a long time, but had not reached an agreement on a sale of the property. According to the plaintiff, the defendant desired his assistance in inducing McHugh to buy because of his supposed influence with the latter. The plaintiff's undertaking was not to bring about a sale, but to bring such influence as he could to bear on McHugh to induce him to purchase. The plaintiff's conferences with McHugh continued until within a short time before the sale which was agreed upon finally between the defendant and McHugh directly. If the agreement were as claimed by the plaintiff, and he acted diligently and in good faith as alleged, he performed his part of the agreement and is entitled to compensation. The contract alleged was not an unlawful one. The parties were sui juris. Whether it was probable that the defendant would have entered into such an agreement, and whether it was reasonable or not, were proper subjects for the consideration of the jury; they cannot now be considered by us. The defendant's appeal was necessarily to the jury, and its finding is conclusive under the evidence. The offer of evidence set forth in the first assignment of error was properly rejected. It did not tend to negative the plaintiff's allegation that a contract was made at the time alleged by him. How much weight the plaintiff's influence had in inducing McHugh to finally purchase the property we do not know; nor is it material from the plaintiff's standpoint, as he did not undertake to warrant or procure a sale.

The judgment is affirmed.